FRED W. JONES' Jr., Judge.
Defendants appealed a judgment awarding plaintiff damages for breach of contract.
For the reasons hereinafter set forth, we reverse.
Plaintiff is a Louisiana corporation which owns two radio stations in Shreveport. While constructing a new building to house the radio stations, plaintiff accepted a bid from the partnership of Summer-grove Floor Covering to install carpet in said building for the price of $18,000.
In conjunction with this agreement defendants agreed to purchase $18,000 worth of advertising from plaintiff’s radio stations over a five year period, at the rate of $3,600 per year.
The contract the parties agreed to stated in pertinent part:
“Agreement made and entered into this 8th day of November, 1979 by and between KWKH-KROK/Shreveport Great Empire Broadcasting, Inc., a Louisiana *704 Corporation herein referred to as stations and Ralph Jones and James Cox, a partnership d.b.a. Summergrove Floor Covering with its principal place of business at 9254 Mansfield Road hereafter referred to as dealer.
In consideration for carpeting and other decorative services at the stations new building for a predetermined sum of $18,-000 payable on approval of completed installation, dealer hereby guarantees to buy $18,000 in advertising from stations over a five-year period of time beginning December 1, 1979 and ending November 30, 1984. Dealer hereby guarantees an annual minimum purchase of $3,600 per year from stations.”
The carpet was installed to plaintiffs satisfaction and defendants were paid in full for the installation.
In January 1980 the partnership made its initial purchase of advertising in the amount of $2,415. In the summer of 1980 an additional $2,550 of advertising was purchased, after which no further purchases were made.
On September 17, 1982 plaintiff filed suit against the partners, Ralph Jones and James Cox, and the partnership of Sum-mergrove Floor Covering for the sum of $5,119.62.
After trial on the merits judgment was rendered in favor of plaintiff as prayed for. Defendants then made a timely motion for a new trial which was granted by the trial court.
After the new trial, the lower court, on November 17, 1983, rendered judgment for plaintiff against Summergrove Floor Covering and Ralph Jones for $5,835. This sum represented the amount of advertising defendants failed to purchase in the first three years of the contract. The amount due in the fourth and fifth years had not accrued; therefore, the trial court rendered judgment without prejudice to any rights which would subsequently accrue to plaintiff under the contract.
. On appeal defendants argue the trial court erred in awarding the gross amount of the contract then due. They assert recovery in a breach of contract suit is limited to the proven lost profits resulting from the breach, which plaintiff failed to prove.
We find defendants’ argument is well taken. In Campbell v. Lelong Trust, 327 So.2d 533 (La.App. 2d Cir.1976), we stated:
“A court is not justified in fixing damages in the absence of definite proof. The plaintiff has the burden of proving the damage suffered by him as a result of the breach of contract. In a breach of contract action, the plaintiff is entitled to recover the amount of loss he has sustained and the profit of which he has been deprived. LSA-C.C. art. 1934. While the absence of independent, corroborating evidence may not be fatal to the plaintiffs burden of proof, the lack of even a minimal degree of detail or specificity as to the extent of loss precludes an award. Casadaban v. Bel Chemical & Supply Company, Inc., 322 So.2d 854 (La.App. 1st Cir.1975).
The record in this case is devoid of evidence concerning plaintiffs lost profit, if any, resulting from the breach of contract. To hold defendants liable for the gross amount of the contract due, without providing the advertising time, would violate recognized tenets of justice.
This resolution of the issue pretermits the necessity of discussion of defendants’ other arguments.
For these reasons we reverse the judgment of the trial court and render judgment in favor of defendants and against plaintiff, dismissing the latter’s suit, with costs of court in the district court and on appeal assessed to plaintiff.